```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
 2

 3    United States of America,      ) Criminal Action
                                     ) No. 18-CR-170
 4                   Plaintiff,      )
                                     ) STATUS CONFERENCE
 5    vs.                            )
                                     ) Washington, DC
 6    James A. Wolfe,                ) June 19, 2018
                                     ) Time:  11:00 a.m.
 7                   Defendant.      )
      _____
 8
                    TRANSCRIPT OF STATUS CONFERENCE
 9                          HELD BEFORE
            THE HONORABLE JUDGE KETANJI B. JACKSON
10                  UNITED STATES DISTRICT JUDGE
      _____
11
                      A P P E A R A N C E S
12
      For the Plaintiff:       Tejpal Singh Chawla
13                             Laura A. Ingersoll
                               U.S. ATTORNEY'S OFFICE
14                               FOR THE DISTRICT OF COLUMBIA
                               555 Fourth Street, NW
15                             Washington, DC 20530
                               (202) 252-7280
16                             Email:  Tejpal.chawla@usdoj.gov
                               Email:  Laura.ingersoll@usdoj.gov
17
      For the Defendant:       Benjamin B. Klubes
18                             Preston Burton
                               Buckley Sandler LLP
19                             1250 24th Street, NW
                               Suite 700
20                             Washington, DC 20037
                               (202) 349-8000
21                             Email:  Bklubes@buckleysandler.com
                               Email:  Pburton@buckleysandler.com
22    _____

23    Court Reporter:          Janice E. Dickman, RMR, CRR
                               Official Court Reporter
24                             United States Courthouse, Room 6523
                               333 Constitution Avenue, NW
25                             Washington, DC  20001
                               202-354-3267
```

1   * * * * * * *P R O C E E D I N G S* * * * * * *

2           THE COURTROOM DEPUTY:  If I have all counsel present

3   in the Wolfe matter, please come forward and take your places

4   at counsel table.

5           Your Honor, this is criminal case 18-170, United

6   States of America versus James A. Wolfe.  I'm going to ask

7   counsel, please approach the podium, identify yourselves for

8   the record.

9           MR. CHAWLA:  Good morning, Your Honor.  Tejpal Chawla

10  on behalf of the United States.  That's C-H-A-W-L-A.

11          THE COURT:  Good morning, Mr. Chawla.

12          MS. INGERSOLL:  And also for the government, Laura

13  Ingersoll.

14          THE COURT:  Miss Ingersoll, good morning.

15          MR. BURTON:  Good morning, Your Honor.  Preston

16  Burton, and my partner Benjamin Klubes is also here, on behalf

17  of Mr. Wolfe, who is present.  Thank you.

18          THE COURT:  Good morning to you.  And good morning,

19  Mr. Wolfe.

20          This is a status conference that represents this

21  Court's first time dealing with this matter.  I understand

22  there have been previous proceedings.  Let me start by having

23  Mr. Chawla come forward and give me an update regarding the

24  status of this case.

25          MR. CHAWLA:  Yes, Your Honor.  First, just by way of

1    background, this is an indicted case, three counts of false

2    statements under 18 U.S.C. 1001.  Defense counsel has recently

3    been retained.  We actually met with them in our office on

4    Friday to discuss logistics, of which included drafting a

5    protective order that we would ask the Court to sign once it is

6    agreed to by the parties.  We've been back and forth on draft;

7    I sent a draft this morning.  We're hopeful we will get that to

8    you fairly quickly.

9         THE COURT:  Let me interject, because people do

10   things differently.  It's this Court's practice to proceed only

11   by motion, so even if you stipulate to some agreement, you

12   should submit it to me with a motion demonstrating good cause

13   for the Court to enter it as an order of the Court.

14        MR. CHAWLA:  Yes, Your Honor.  That was our

15   intention, to file a consent motion or unopposed motion for the

16   protective order.  We have not at this time exchanged discovery

17   yet.  Counsel was just recently retained.  The position that

18   the government is in is that -- we've expressed this to defense

19   counsel, we anticipate getting a significant volume of

20   discovery -- in fact, most, if not all, within 45 days.  We

21   think we can do it within 30, but I don't want to make promises

22   and have a little slippage.  But we think within 45 days we'll

23   have a substantial amount of the discovery to the defense.

24        THE COURT:  Do you have a sense of the volume, the

25   scope, or whatever?

```
 1              MR. CHAWLA:  Yes.  So there are some materials that
 2      we're seeking to get declassified.  There are some materials
 3      that are currently classified that we think we can get
 4      declassified, which we believe would enable us to have a much
 5      smoother trial, that being that we wouldn't have classified --
 6      a number of classified proceedings under CIPA or otherwise, and
 7      then we could facilitate discovery much quicker to the defense.
 8      It will take a little longer up front, but we think it will be
 9      better in the long run.
10              Additionally, we have a significant volume of
11      electronic material.  These are searches that were done of
12      various electronic equipment; those are voluminous.  Today's
13      cell phones can have quite a lot of data on them.  And we're
14      going to be providing that to the defense.  There are a few
15      issues related to providing it to them, defense counsel is
16      aware of it and we're hoping to work it through with a
17      protective order about how we would handle the production of
18      that material.
19              We have spoken, on Friday -- and I don't want to get
20      too far ahead, and let Mr. Burton make his own representations,
21      but we anticipate being in a better position in about three to
22      four weeks.  We had spoken amongst ourselves, we thought that
23      if we could have the date of July 9th, 2018, that we would have
24      additional discovery provided to the defense, we would have the
25      protective order sent to the Court under a motion for
```

1    protective order, and that we would be in a position to move

2    forward expeditiously after that.

3             THE COURT:  All right.  Let me have Mr. Burton come

4    forward.

5             MR. BURTON:  Thank you, Your Honor.  I will confirm,

6    we had a -- what I would call a constructive dialogue with the

7    government on Friday.  We understand that they're going to be

8    in a position to make two productions between now and July 9th.

9    We expect to receive the first production sometime next week, I

10   believe next Wednesday was the date they mentioned, and one the

11   following week.

12            As Mr. Chawla said, we understand there's a

13   significant amount of electronic discovery.  How we're going to

14   have to analyze that, manage it, etcetera, is an unknown at

15   this point.  We are hopeful that this declassification process

16   will expedite those issues.

17            I will tell the Court, and the government is aware, I

18   do have a current background investigation that if there is a

19   need to review classified material, I have an active background

20   investigation that would permit me to see -- assuming I get let

21   in -- any materials they would have.

22            In terms of a couple other issues I think we should

23   bring to the Court's attention --

24            THE COURT:  Let me -- before you move into other

25   issues, let me understand the request for July 9th, because

1    that isn't 45 days.  Mr. Chawla mentioned 45 days.  I'm just

2    trying to get a sense of what you anticipate us doing on the

3    July 9th return date.

4          MR. CHAWLA:  Well, Your Honor, we believe what will

5    happen is we will have the most relevant material provided to

6    the defense by that time.  At current there is no plea offer on

7    the table for Mr. Wolfe.  But, obviously, we want defense

8    counsel to look through the material before any offer is made.

9    The hope is that we would be able to get that material to

10   counsel, they'll have a chance to review it, and potentially we

11   would have a plea on the record on the 9th, which would allow

12   us then to determine whether they want the government to go

13   forward with additional discovery, or not.

14         The other voluminous discovery can be provided, and

15   that's what our intention is, but if the defense wishes to

16   enter an early plea and get full acceptance of responsibility,

17   there would be a benefit there, potentially, to then keep the

18   government having to do additional work, declassification and

19   otherwise, provide that additional material to them.

20         THE COURT:  I see.  So this is just a moment to kind

21   of check in to see where everybody is, but you will have given

22   a substantial amount of the material, enough for the defendant

23   to evaluate his position?

24         MR. CHAWLA:  Correct, Your Honor.  And the material

25   that we're talking about here are his statements to law

1       enforcement -- and this is a false statements case, so

2       obviously it's very important he have that, as well as

3       additional electronic material that relates to the false

4       statements; that he would have material, which is what we would

5       call the core material for this case, in advance of the 9th.

6               If there is a situation where counsel agrees that

7       perhaps the 9th date could be pushed a couple weeks, they want

8       more discovery or additional discovery, we could seek to move,

9       in writing, before having to come before the Court on the 9th.

10      But we anticipated that the 9th date would be a good in-between

11      period to determine where we are and where we're going.

12              THE COURT:  All right.  Thank you.

13              Yes, Mr. Burton.

14              MR. BURTON:  I agree.  And just for clarification

15      purposes, there is not a plea discussion going on in this case.

16              THE COURT:  Understood.

17              MR. BURTON:  I know there are lots of people in the

18      audience who may misconstrue that.  Just -- in the normal

19      course of things, Mr. Wolfe was arrested, there were not -- he

20      did not have counsel prior to his arrest, there's no assessment

21      of the case.  We're getting the first tranche of the most

22      significant materials, as Mr. Chawla said, and we'll just

23      proceed as any other case would.

24              THE COURT:  Correct.  And the Court would set a

25      status conference date, just to evaluate what people's thoughts

1     are on the 9th.

2                MR. BURTON:  That's correct.

3                If I may, Your Honor, there are a couple of issues I

4     just want to preview that I think may be significant for this

5     case.  One, we understand that we have not received these

6     materials yet, but our understanding is there's some evidence

7     gathered from a journalist or news organizations, but also,

8     given the nature of the charges, it's highly likely if this

9     case proceeds to trial, as we now anticipate it will, that

10    either party would be subpoenaing a journalist or news

11    organizations.  Obviously, those present issues that we would

12    anticipate the Court is going to have to address.

13               We've also been advised that Mr. Wolfe's former

14    employer, the United States Senate Select Committee on

15    Intelligence, has passed a resolution to cooperate with the

16    government.  But, again, either side may need to testify,

17    members of congress from either house, their staff; there may

18    be issues that address those proceedings.

19               And, finally, we don't, again, know all the means by

20    which evidence has been gathered in this case.  We are aware

21    that there were search warrants, including delayed notice

22    search warrants, and we would anticipate those issues coming

23    before the Court as well as this case proceeds.

24               We -- again, I -- and then the final issue, there --

25    we do plan -- we raised this at the arraignment before

1    Magistrate Judge Robinson, the possibility that we would file

2    for a protective order under Rule 57.7, restraining

3    extrajudicial comments.  We intend to file that today.  I want

4    to make clear, this is not addressed to counsel here in the

5    courtroom or any comments they have made; to my knowledge

6    they've made none.  But, there are some interesting issues

7    presented by the President's commentary on this case and his

8    near-daily habit of commenting on matters before the Court,

9    so --

10              THE COURT:  I appreciate you giving me a preview of

11   what you intend to file.  I hope that you will address the

12   scope of the rule that you articulate.  Because as I looked at

13   it, given what you had represented to Magistrate Judge

14   Robinson, it seemed to me, at least, on first glance, to apply

15   to circumstances that involve extrajudicial comments by the

16   parties in a matter.

17              So, to the extent that you're saying no, no, no, it's

18   not really these lawyers or anybody who is actively involved in

19   the case, I'm just wondering whether and to what extent it even

20   applies to others.

21              MR. BURTON:  I believe we addressed that in the

22   motion.  But I appreciate the Court's comments.

23              THE COURT:  All right.  And, of course, the

24   government will have the opportunity to respond to any such

25   filing.

1      MR. BURTON:  Of course.  And we're happy to discuss

2  with them a briefing schedule.  And then, given the Court's

3  practice of filing by motion, we could submit some agreed, you

4  know, consent motion to the Court or --

5      THE COURT:  For how you're going to brief that issue.

6  I think that would be helpful, so that I would have a sense of

7  what your expectations are with respect to getting an answer

8  from me, and certainly what the government can do in terms of

9  responding to your motion.  All right?

10      MR. BURTON:  Yes, Your Honor.

11      THE COURT:  Mr. Chawla?

12      MR. CHAWLA:  Yes, Your Honor.  I just -- I did want

13  to just -- I have not seen the motion, I have no idea --

14      THE COURT:  Haven't filed it yet.

15      MR. CHAWLA:  I do not represent the President of the

16  United States.  I represent the United States in this criminal

17  matter, and it's a smaller universe than most people think it

18  is.  But, if there are such motions and it does address people

19  not in front of the Court today, I anticipate that that's going

20  to require other attorneys from other parts of the government

21  to respond to.  So I cannot even begin to tell you what

22  schedule would be appropriate in that situation.

23      I would note that a filing of a motion like that

24  would toll speedy trial in any event.  But we are going to ask

25  that the Court toll, in the interest of justice, between now

1    and July 9th, the speedy trial clock.  And in this case,

2    because of the recent appointment of counsel -- recent

3    retaining of counsel, the protective order issue that we've

4    discussed, the classified material that we seek to declassify,

5    and the other complicated issues related to the electronics,

6    that we believe it is in the interest of justice to toll

7    between this date and July 9th.

8            Additionally, I did want to make it clear, I know

9    counsel did speak broadly, Mr. Burton may want to subpoena

10   people for the court for trial, but the government is not

11   seeking to subpoena attorneys or SSCI members of congress or

12   reporters.  This is not what the government is seeking.  Maybe

13   the defense, but not the government.

14           THE COURT:  All right.

15           MR. CHAWLA:  Thank you, Your Honor.

16           THE COURT:  Mr. Burton, do you want to speak to the

17   speedy trial issue?

18           MR. BURTON:  Yes, Your Honor.  And I apologize.  I

19   meant to mention it when I was up.  We have no objection, in

20   the interest of justice, under section 3161(h) -- I think it's

21   7 --

22           MR. CHAWLA:  7.

23           MR. BURTON:  -- extending the -- tolling the time

24   from the Speedy Trial Act.

25           THE COURT:  All right.  Given what the parties have

1    represented about the need for additional time to evaluate

2    information and to provide the information, the fact that there

3    has been counsel in this matter, and the need to review what

4    portends to be pretty complicated or extensive electronic

5    discovery, the Court will find that it is in the interest of

6    justice to toll the speedy trial clock between today and return

7    of court on this matter, which will be July 9th.

8              And we should set the time on July 9th.  I am

9    available in the afternoon that day.  I would say 2:30, if that

10   works for you.

11             MR. BURTON:  That's fine with the defense, Your

12   Honor.

13             MR. CHAWLA:  That's fine for the government, Your

14   Honor.

15             THE COURT:  All right.  So we'll be back on this

16   matter at 2:30 on July 9th.

17             Is there anything else, Mr. Burton, that you wanted

18   to mention at this time?

19             MR. BURTON:  No, Your Honor.

20             THE COURT:  All right.  Let me speak directly to Mr.

21   Wolfe.

22             Sir, you are on release status.  As you know, the

23   pretrial services agency is supervising you in this period.

24   There are a number of conditions that you have been required to

25   follow.  Those conditions remain in effect at this time.  I

1   won't state them all, but you know what they are.  And I just

2   admonish you to continue to follow through with the conditions.

3   All right?

4               THE DEFENDANT:  Yes, Your Honor.

5               THE COURT:  Anything else, Mr. Chawla?

6               MR. CHAWLA:  No, Your Honor.

7               THE COURT:  All right.  Thank you.  I'll see you on

8   July 9th.

9                              *   *   *

```
 1
 2                CERTIFICATE OF OFFICIAL COURT REPORTER
 3
 4
 5           I, JANICE DICKMAN, do hereby certify that the above
 6      and foregoing constitutes a true and accurate transcript of my
 7      stenograph notes and is a full, true and complete transcript of
 8      the proceedings to the best of my ability.
 9                        Dated this 2nd day of July 2018.
10
11
12                        /s/_____
13                        Janice E. Dickman, CRR, RMR
                          Official Court Reporter
14                        Room 6523
                          333 Constitution Avenue NW
15                        Washington, D.C. 20001
16
17
18
19
20
21
22
23
24
25
```