UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JAMES A. WOLFE

LET THIS BE FILED. (as "sentencing submission")
HONORABLE KETANJI BROWN JACKSON
U.S. DISTRICT JUDGE

12.20.2018

Criminal No.:   18-cr-170 (KBJ)

**FILED**

DEC 2 0 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF AND [PROPOSED]
*AMICUS CURIAE* BRIEF OF DR. CARTER PAGE IN SUPPORT OF
THE UNITED STATES OF AMERICA

Carter Page, Ph.D.
c/o Global Natural Gas Ventures LLC
101 Park Ave., Suite 1300
Oklahoma City, OK 73102
Phone (405) 825-0172
Fax    (405) 825-0177

## INTRODUCTION

Pursuant to Local Rule 7(o)(1)–(2), Carter Page, Ph.D. ("Dr. Page" or "MALE-1"), respectfully moves for leave to file the attached letter in support of the U.S. Government as *amicus curiae* in the above captioned case. Counsel to each party have been notified of his pre-motion intent to file this associated brief. As of early this morning, the U.S. Department of Justice representatives on the prosecution team have expressed no objection. On Sunday, December 16, 2018, Counsel for the Defendant objected to this *amicus* submission.

## ARGUMENT

District courts have inherent authority to allow participation as *amicus curiae*. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting *Smith v. Chrysler Fin. Co., L.L.C.*, No. Civ.A. 00-6003(DMC), 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003)). And, the Court has broad discretion in deciding whether to grant a third party leave to file an *amicus curiae* brief. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007).

"Generally, 'a court may grant leave to appear as an *amicus* if the information offered is timely and useful.'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quoting *Waste Mgmt. of Pa., Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotation omitted)). An *amicus* brief should be allowed "'when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

## **Nature of movant Dr. Page's interest**

*Amicus curiae* Dr. Page is widely understood in the media to be MALE-1 in this case. He is the Managing Partner of Global Natural Gas Ventures LLC, an Oklahoma company with principal offices in Oklahoma City. Throughout much of the past twenty years, he has made contributions as a scholar in the fields of foreign policy and international political economy. In this capacity, he has often served as an adjunct or evening faculty member at institutions of higher education as well as a research fellow at foreign policy think tanks. In 2016, Dr. Page similarly volunteered as a junior, unpaid, informal advisor to the Donald J. Trump for President campaign (the "Trump Campaign"). His ability to make any supportive contribution as a private citizen in the time since has been effectively blocked. Dr. Page was illicitly hacked for approximately one year, beginning on or about October 2016.[1]

As shown on p. 19 of Dkt. No. 44-1 from last week, Dr. Page emailed Reporter #1 and several additional journalists while bcc'ing the Defendant on May 8, 2017. Each of those two other top SSCI staff addressees, Staff Director Mr. Christopher Joyner and Minority Staff Director Mr. Michael Casey, were the same people bcc'ed on his email a few days later on. As per his earlier correspondence with Mr. Wolfe and the top SSCI staff leadership, his intention throughout the past several years has always been to "help resolve all of the false allegations which led to this fanciful witch hunt in the first place". On information and belief, other SSCI members and staff as well as other former senior members of the U.S. Intelligence Community bear some responsibility for the misinformation campaign that created a significant part of the impetus for Mr. Wolfe's underlying offenses.

---

[1]   Charlie Savage, "Carter Page FISA Documents Are Released by Justice Department," *New York Times,* July 21, 2018.

### Dr. Page Supports the United States of America

Dr. Page supports the United States of America's position. After several false pleadings by the U.S. Department of Justice ("DOJ") in the U.S. Foreign Intelligence Surveillance Court ("FISC") and other U.S. District Courts especially the Southern District of New York (*Page v. Oath and Broadcasting Board of Governors*, 17-cv-6990-LGS, S.D.N.Y), this current case of 18-cr-170-KBJ represents the first time that DOJ has publicly begun repairing this troubled record of supporting the truth related to their 2016 election interference campaign.

### Dr. Page's *Amicus* Letter's First-hand Information and Perspectives Provides Desirable Information for the Court

A pivotal controversy seen in last Friday's submissions to the Court revolved around whether or not ~~the~~ defendant "disrupted an ongoing national security investigation." (Dkt. 49, p. 3). The draft *amicus* includes information that "is timely and useful.'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quoting *Waste Mgmt. of Pa., Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotation omitted)).

### Dr. Page's *Amicus* Letter Offers Essential Perspectives Not Presented by Either Party

Dr. Page noted in a letter to Mr. James Comey on September 25, 2016 (the "Comey Letter"):

> "I wanted to provide you with a few basic facts which should help underscore what a complete waste of time this witch-hunt directed at me is..." (the "Witch Hunt")

Dr. Page's Comey Letter went on to state:

4

"In bothering the Bureau with such repeated appeals, the parties who have requested my investigation clearly fail to appreciate the risks they create for America with these shenanigans. Instead of allowing the staff of the FBI to focus the nation's limited resources on real threats, these desperate and unfounded calls for my investigation as a private citizen to advance political interests based on nothing more than preposterous mainstream media reports is a true disgrace."

Dkt. 43 in the current pending case included a series of Exhibits which offered the Court certain perspectives from former associates of the Defendant and Mr. Comey. Several of these individuals played key roles in this Witch Hunt based on defamatory media reports which led to countless death threats against Dr. Page.

Stemming directly from these abusive political maneuvers, SSCI Chairman Richard Burr and Vice Chairman Mark Warner sent Dr. Page a February 17, 2017 letter requesting that he preserve and retain an extraordinary amount of information. On or about March 5, 2017 following his return from a trip to Asia, he submitted an initial letter to SSCI in response to the Committee's production request of February 17, 2017. Dr. Page's frequent cooperation throughout the remainder of 2017 was based upon the false assumption that SSCI might potentially help to resolve the smear campaign that had been funded by the DNC and was managed by several of their operatives. Although SSCI's leadership was afforded the opportunity to offer their biased perspectives regarding the Defendant in Dkt. 43-1, they collectively mismanaged the Committee in ways that would create further damages including death threats against Dr. Page over the months that followed. For this reason, it is only fair and just that Dr. Page may be afforded the opportunity to provide some balance to their perspectives through the proposed *amicus*.

5

Similarly, a frequent CNN commentator has sought to limit disclosure of the crimes committed against Dr. Page[2], while more recently providing a glowing handwritten letter to the Court regarding the Defendant. Dkt. 44-1, p. 19.

### The Matters Presented by Dr. Page's *Amicus* Are Essential to This Case

The focus of Dr. Page's short letter relates to the assertion by counsel to the Defendant's sentencing memorandum that: "...certainly there has been no financial loss or tangible harm to any victim." (Dkt. 43, p. 15). To the contrary, the proposed *amicus* letter provides a brief sample of some of the severe damages that Dr. Page suffered as a result of the Defendant's relationship with REPORTER #1, REPORTER #2 and REPORTER #3. The damages described in the abbreviated draft *amicus* describe the resultant domestic terror threats that stemmed from one example of these malicious and inaccurate media reports that stemmed in part from the Defendant's relationship with these female reporters. (18 U.S.C. § 2331(5)).

### Pro Se Standards

Pro se court submissions must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U. S. Reports 94, 127 S.Ct. 2197 (internal quotation mark omitted) (quoting *Estelle v. Gamble,* 429 U. S. Reports 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). But the attached pro se *amicus* brief includes significant, "'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Jones v. Horne,*

---

[2]   Ian Schwartz, "Clapper: Heavily Redacted Document I Read 'Indicated' Dossier Wasn't Primary Source For FISA Warrants," Real Clear Politics, September 20, 2018. https://www.realclearpolitics.com/video/2018/09/20/clapper_heavily_redacted_document_i_read_indicated_dossier_wasnt_primary_source_for_fisa_warrants.html

634 F.3d 588, 596 (D.C.Cir. 2011)(internal quotation marks omitted) (quoting *Atherton v. D.C.*

*Office of the Mayor*, 567 F.3d 672 , 681–82 (D.C.Cir.2009)).

## CONCLUSION

For the foregoing reasons, Dr. Page respectfully requests that his motion for leave to file

the accompanying brief letter be granted.

Dated: December 17, 2018

Very respectfully,

By:  /s/ Carter Page
Carter Page
c/o Global Natural Gas Ventures LLC
101 Park Ave., Suite 1300
Oklahoma City, OK 73102
Phone (405) 825-0172
Fax    (405) 825-0177

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018, I hand delivered the foregoing document to United States Court for the District of Columbia. I respectfully request that notice and service of this filing to counsel of record for the parties be made by the Court through the CM/ECF system.

Dated: December 17, 2018

By: _/s/ Carter Page_
Carter Page
c/o Global Natural Gas Ventures LLC
101 Park Ave., Suite 1300
Oklahoma City, OK 73102
Phone (405) 825-0172
Fax    (405) 825-0177

8

# GLOBAL NATURAL GAS VENTURES LLC

December 17, 2018

<u>HAND-DELIVERED VIA CLERK'S OFFICE</u>
The Honorable Judge Ketanji Brown Jackson
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Subject: Brief of Amicus Curiae in support of the United States in *U.S.A. v. James Wolfe*,
18-cr-0170-KBJ

Dear Judge Jackson:

I write to you as "MALE #1" in *U.S.A. v. Wolfe* (18-cr-0170-KBJ) – the individual severely maligned, who suffered countless death threats related to damages incited by the Defendant in conjunction with his U.S. Senate Select Committee on Intelligence ("SSCI") and U.S. Intelligence Community ("IC") colleagues amidst many of the 2017 events in controversy in this subject case. After the U.S. Department of Justice ("DOJ") has previously submitted hundreds of pages of false filings in the Prettyman Courthouse as seen in the abuse of process[i] in the U.S. Foreign Intelligence Surveillance Court ("FISC")[ii], the purpose of this pro se letter is to support DOJ's more recent initial steps towards reestablishing the importance of truth in the American legal system. Although several past and present DOJ officials were signatories of the fraudulent warrant applications against me during this abuse of process (see *Page v. Oath and BBG*, 18-2295, 2nd Cir., Dkt. 38, p. 21-33), the Government's pleadings this year by U.S. Attorney Jessica K. Liu and her colleagues in this case represent an important step in a more positive direction towards restoring some semblance of equal justice under law in America.

While the prolix associated letters included in the December 2018 Court filings submitted on Mr. Wolfe's behalf by his Defense counsel are chockfull of more of the same types of false or misleading details (e.g. Dkt. 43-1, 43-4) that helped to perpetuate the domestic terror threats against me (18 U.S.C. § 2331(5)), the primary purpose of this letter relates to the clarification of one truly outrageous claim in their Dkt. No. 43 sentencing memorandum: "...certainly there has been no financial loss or tangible harm to any victim." (*Id.*, p. 15). Putting aside countless false light media reports, I would like to inform the Court of the extraordinary level of personal damage and security threats that the Defendant significantly contributed to which has wreaked significant havoc in my life. Without question, the Defendant's extreme level of arrogance and self-centered collusion "with multiple young, female reporters" (Dkt. 49, p. 1) that "betrayed his commitment to his wife and family" (Dkt. 43, p. 4) also led to an incalculable level of tangible personal harm to me.

In 2016, the Democratic National Committee ("DNC") spent millions of dollars to lead a media campaign to discredit then-candidate Donald J. Trump and his supporters (the "Dodgy Dossier Defamation"). The DNC, their chosen presidential candidate, their paid legal counsel and "opposition research" subcontractors constituted a criminal racket (18 U.S.C. § 1962) that facilitated abuse of process in the U.S. Foreign Intelligence Surveillance Court ("FISC"). See *Page v. DNC, et al.*, 18-cv-1019-HE, Dkt. 1, W.D.Okla. In 2016, DNC subcontractor Christopher Steele ("Mr. Steele") helped to compile and distribute some of the misinformation used in this racket. Related to this DNC smear campaign, the U.S. Senate Judiciary Committee Chairman has referred the Dodgy Dossier author Mr. Steele to DOJ "for investigation of potential violations of 18 U.S.C. § 1001 for false statements investigators have reason to believe Steele made about the distribution of claims contained in the dossier."[iii] In the series of 2017 events stemming from many of the facts in the current case under consideration before this Court (the "SSCI Defamation"), Mr. Wolfe played

101 Park Avenue, Suite 1300, Oklahoma City, OK 73102
t: +1 (405) 825-0172 f: +1 (405) 825-0177

an analogous role with the media given his similar prior experience as a "highly respected" Western intelligence officer. Both the Dodgy Dossier Defamation and the SSCI Defamation led to series of death threats which meet the statutory definition of Domestic Terrorism (18 U.S.C. § 2331(5)).

DOJ is entirely correct in noting that the Defendant's lies related to his media leak strategy in April 2017 "disrupted an ongoing national security investigation." (Dkt. 49, p. 3) Following a long series of meetings I held with the FBI in March which criminals illegally leaked to the *Washington Post*", I informed the FBI on April 6, 2017 of the more recent death threats I had suffered as a result of the misleading reports by REPORTER #2. Having maintained a longstanding relationship with the U.S. IC, it led to a severe breach of trust and disruption in our dialogue.

"Civil liberties had their origin and must find their ultimate guaranty in the faith of the people." *Douglas v. City of Jeannette*, 319 U.S. 157, 1943. Through a malicious misinformation campaign, the Defendant in this case and his colleagues on the U.S. Senate Select Committee on Intelligence ("SSCI") made extraordinary strides in undermining the faith of Americans in the elements of government they were responsible for overseeing. U.S. Constitution, Article I, Section 8. On February 17, 2017, SSCI Chairman Richard Burr and Vice Chairman Mark Warner sent me a letter requesting that I preserve and retain an extraordinary amount of information. On or about March 5, 2017 following my return from a trip to Asia, I submitted an initial letter to SSCI in response to the Committee's production request of February 17, 2017. Despite the illicit activities by SSCI staff, I spent significant time over the months that followed to assist in their efforts.

DOJ has correctly noted the Defendant's "actual impact on the national security functions of the FBI". (Dkt. No. 49, p. 1). Having suffered frequent death threats in the past stemming from the DNC's defamatory smear campaign which I reported to the FBI on multiple occasions throughout a series of meetings with agents from their Counterintelligence Division in March 2017, I informed one of their attorneys of the most recent death threats stemming from the reports by REPORTER #2. Related to several associated leaks at the time, it fomented a breach of trust and impaired my voluntary dialogue.

I harbor no ill will towards anyone including the Defendant, despite the malicious acts that he and his former colleagues committed against me which have frequently fomented risks to my life. But as part of continued efforts toward restoring the integrity of U.S. District Courts, especially those based in the Prettyman Courthouse, with the reintroduction of factual court materials, I wanted to ensure that you have this additional reflection of truth. In this regard, I hope that this *amicus* brief offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003).

Thank you in advance for your consideration of these matters, which have led to countless potential life or death situations over recent years.

Very respectfully,

Carter Page, Ph.D.

Copy to:
The Honorable Rosemary M. Collyer, Presiding Judge, FISC
The Honorable Jessie K. Liu, U.S. Attorney for the District of Columbia
The Honorable John W. Huber, U.S. Attorney for the District of Utah

[i]    See House Permanent Select Committee on Intelligence ("HPSCI") memo with information on abuses of the Foreign Intelligence Surveillance Act, February 2, 2018.
https://intelligence.house.gov/uploadedfiles/memo_and_white_house_letter.pdf
See also: "After House GOP Memo, FBI OKs Release of Unclassified Steele Referral," website of Senator Chuck Grassley, February 5, 2018.
https://www.judiciary.senate.gov/imo/media/doc/2018-02-
06%20CEG%20LG%20to%20DOJ%20FBI%20(Unclassified%20Steele%20Referral).pdf

[ii]    An internet link to an initial largely-redacted DOJ's extensive false FISC filings is available at: Charlie Savage, "Carter Page FISA Documents Are Released by Justice Department," *New York Times*, July 21, 2018. [https://www.nytimes.com/2018/07/21/us/politics/carter-page-fisa.html]  Last December, the Chairman of the U.S. Senate Judiciary Subcommittee on Crime and Terrorism Lindsey Graham provided the following preliminary assessment of this Abuse of Process in the FISC:

"I've spent some time in the last couple of days, after a lot of fighting with the Department of Justice, to get the background on the dossier, and here's what I can tell your viewers: I'm very disturbed about what the Department of Justice did with this dossier, and we need a special counsel to look into that, because that's not in Mueller's charter. And what I saw, and what I've gathered in the last couple of days, bothers me a lot, and I'd like somebody outside DOJ to look into how this dossier was handled and what they did with it...I've been a lawyer most of my life, a prosecutor, and a defense attorney... And the one thing I can say, every prosecutor has a duty to the court to disclose things that are relevant to the request. So any time a document is used to go to court, for legal reasons, I think the Department of Justice owes it to the court to be up-and-up about exactly what this document is about, who paid for it, who's involved, what their motives might be. And I can just say this: After having looked at the history of the dossier, and how it was used by the Department of Justice, I'm really very concerned, and this cannot be the new normal."
See Byron York, "Lindsey Graham: We need new special counsel — just for Trump dossier," *Washington Examiner*, December 30, 2017. http://www.washingtonexaminer.com/lindsey-graham-we-need-new-special-counsel-just-for-trump-dossier/article/2644632

[iii]    "Senators Grassley, Graham Refer Christopher Steele for Criminal Investigation," website of Senator Chuck Grassley, January 5, 2018. https://www.grassley.senate.gov/news/news-releases/senators-grassley-graham-refer-christopher-steele-criminal-investigation

[iv]    Devlin Barrett, "FBI has questioned Trump campaign adviser Carter Page at length in Russia probe," *Washington Post*, June 26, 2017. https://www.washingtonpost.com/world/national-security/fbi-has-questioned-trump-campaign-adviser-carter-page-at-length-in-russia-probe/2017/06/26/1a271dcc-5aa5-11e7-a9f6-7c3296387341_story.html